**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3392

_____

RAHEEMAH DONYE SHADIRE WHITMORE,
Appellant

v.

RAHEEM RYAN WHITMORE; RAHIYA WILLIAMS AND FAMILY; JANAE
WILLIAMS; A STRANGE GUY NAMED MACK; FRIENDS/FAMILY OF
MALDONADO; TERICKA MARTIN AND RELATIVES; ROBERT WILLIAMS,
AKA Meek Mill

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-02602)
District Judge: Honorable Kai N. Scott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 1, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Raheemah Whitmore appeals pro se from the District Court's order dismissing her complaint under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will affirm the District Court's judgment.

Whitmore filed a complaint claiming a violation of her civil rights. The allegations stem from Whitmore's belief that there is an overall conspiracy that defendant Raheem Whitmore—is directing others to cause her harm by, *inter alia*, hacking into her devices "secretly" to delay important emails, text messages, and phone calls "to prevent [her] from trying to make a living for [herself]." She further alleges that "multiple members of his family and entourage" work at hospitals in Philadelphia and are mistreating her "due to him telling them to 'make [her] suffer.'" The District Court permitted Whitmore to proceed in forma pauperis and dismissed the entire complaint under 28 U.S.C. § 1915(e)(2)(B)(i) because all the claims were factually frivolous and legally meritless. The District Court dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state law claims. Whitmore timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 to consider this appeal. We exercise plenary review over the District Court's dismissal of the complaint as frivolous under § 1915(e)(2)(B)(i), *see Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020), and we review an order denying a recusal motion for abuse of discretion. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). Because Whitmore is proceeding pro se, we liberally construe her filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

curiam). But pro se litigants still must "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

For substantially the reasons given by the District Court in its memorandum opinion, dismissal of the complaint was proper. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) ("To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989))); ECF 17 at 5 (explaining "Whitmore's allegations rise to the level of the irrational or the wholly incredible" and "lack a basis in fact"). Moreover, Whitmore has failed to present any clear challenge to the District Court's order dismissing the complaint. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief).

Instead, Whitmore argues that the District Court illegally "dropped the case" after she requested that Judge Scott recuse herself. The request was included in a document titled "motion that requests go unsolved," which the District Court did not address in either its memorandum opinion or order dismissing the complaint. We construe the District Court's decision to dismiss Whitmore's claims as an implicit denial of the request for recusal. *See DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020) (citation omitted); *see also United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000) ("We treat the district court's failure to rule on [the defendant's] motion as a denial of it.").

To the extent that Whitmore contends that the District Court's dismissal of her complaint was inappropriate because the district judge should have recused herself, we disagree. In her recusal motion, Whitmore alleged only that police had ignored her complaints. She did not develop any argument how such contentions supported a conclusion that the District Court was biased. Denial of her motion was thus not in error as recusal is only warranted when a judge's impartiality might be questioned; a party's displeasure with legal rulings is not a basis for recusal. *See Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *see also Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"). To the extent that Whitmore argues the District Court dismissed her case in retaliation for Whitmore's filing of the recusal motion, that assertion is without merit. As set forth more fully above, the District Court properly dismissed Whitmore's Complaint for failing to state a claim. Finally, Whitmore speculates—without supporting facts—that Judge Scott is biased in this case because "[g]roups of people in law who made errors are covering for each other." Moreover, she claims that "[a]liens dropped down and dismissed [her] case due to" requests from individuals not named in this case. These allegations would not cause a reasonable person to believe that Judge Scott is biased. *See United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) (stating that a recusal motion must be based

4

on "objective facts," not mere "possibilities" and "unsubstantiated allegations"). We discern no abuse of discretion.

Accordingly, we will affirm the District Court's judgment.